1  Michael L. Lipman (SBN 66605)
**DUANE MORRIS LLP**
2  865 South Figueroa Street, Suite 3100
Los Angeles, CA 90017-5450
3  Telephone:  213-689-7400
Facsimile:  213-689-7401
4  E-mail:  mllipman@duanemorris.com

5  Keith Zakarin (SBN 126528)
750 B Street, Suite 2900
6  San Diego, CA 92101-4681
Telephone:  619-744-2200
7  Facsimile:  619-744-2201
E-mail:  kzakarin@duanemorris.com

8
Teresa N. Cavenagh (Admitted Pro Hac Vice)
9  30 South 17th Street
Philadelphia, PA 19103-4196
10  Telephone:  215-979-1808
Facsimile:  215-689-1939
11  E-mail:  tncavenagh@duanemorris.com

12  *Attorneys for Defendants* B&H Education, Inc.,
B&H Education Holdings, LLC, Dr. R. Rashed
13  Elyas, Dr. Nagui Elyas, Michael Benvenuti,
Michael Flecker, Abry Partners VI, L.P., Abry
14  Investment Partnership, L.P., and Abry Senior
Equity II, L.P.

15

16                **UNITED STATES DISTRICT COURT**

17              **CENTRAL DISTRICT OF CALIFORNIA**

18                    **WESTERN DIVISION**

19

20  **UNITED STATES OF AMERICA**, *ex rel.*   Case No.  CV-13-5256-RGK(AJW)
**TERISA MERCER CARON**,
21  **VERONICA TREJO, PAIGE STEVENS,**        **DEFENDANTS' REPLY TO**
**HEATHER LUEDTKE, TAMECA**                 **PLAINTIFFS'/RELATORS'**
22  **SHELTON**, and **CINDY JUAREZ**,        **OPPOSITION TO**
individuals,                                **DEFENDANTS' MOTION TO**
23                                            **DISMISS RELATORS' FIRST**
                Plaintiffs,                  **AMENDED COMPLAINT**
24                                            **PURSUANT TO FEDERAL**
        v.                                   **RULES OF CIVIL PROCEDURE**
25                                            **9(b) AND 12(b)(6)**

26  **B&H EDUCATION, INC.**, a Delaware
Corporation, d/b/a MARINELLO SCHOOL        Judge:     Hon. R. Gary Klausner
27  OF BEAUTY; **B&H EDUCATION**            Place:     Courtroom No. 850
**HOLDINGS, L.L.C.**, a Delaware Limited     Date:      August 24, 2015
Liability Company; **DR. R. RASHED**         Time:      9:00 a.m.
28  **ELYAS**, an individual; **DR. NAGUI**

DM1\5903850.1

1    **ELYAS**, an individual; **MICHAEL BENVENUTI, COO**, an individual;
2    **MICHAEL FLECKER, CFO**, an individual; **ABRY PARTNERS VI, L.P.**, an
3    unknown entity; **ABRY INVESTMENT PARTNERSHIP, L.P.**, an unknown entity;
4    **ABRY SENIOR EQUITY II, L.P.**, an unknown entity; **UNITED BEAUTY**
5    **ENTERPRISES, INC.**, a California Corporation; and **SCOPE BEAUTY**
6    **ENTERPRISES, INC.**, a California Corporation,

7

8                Defendants.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DM1\5903850.1

2

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS FIRST AMENDED COMPLAINT   CASE NO. CV-13-5256-RGK(AJW)

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...................................................................................................1

II.     ARGUMENT..........................................................................................................2

     A.    THE FCA CLAIMS SHOULD BE DISMISSED BECAUSE
         RELATORS PLEAD COLLECTIVELY AGAINST ALL
         DEFENDANTS WITHOUT DIFFERENTIATING THE
         CONDUCT OF EACH DEFENDANT ................................................2

     B.    THE ABSENCE OF ANY FACTS SHOWING SCIENTER ON
         THE PART OF ANY DEFENDANT MANDATES DISMISSAL .....4

     C.    RELATORS' CLAIMS FAIL TO PLEAD FRAUD WITH
         SPECIFICITY AND FAIL TO STATE A VIABLE IMPLIED
         CERTIFICATION CLAIM.................................................................5

     D.    RELATORS' OPPOSITION DOES NOT COME CLOSE TO
         SATISFYING THE PLEADING DEFICIENCIES IN THE AC'S
         CONSPIRACY COUNT.....................................................................8

III.    CONCLUSION .....................................................................................................10

1

2

## TABLE OF AUTHORITIES

3

**Page(s)**

4

**Federal Cases**

5

*Ashcroft v. Iqbal*
6    556 U.S. 662 (2009)................................................................................................7

7   *Bell Atlantic v. Twombly*
8    550 U.S. 544 (2007)................................................................................................5

9   *Calisesi ex rel. United States v. Hot Chalk, Inc.*
     2015 W.L. 1966463 (D. Az. May 1, 2015) ........................................................2, 9
10

11  *Ebeid v. Lungwitz*
     616 F.3d 993 (9th Cir. 2010) .................................................................................6
12

13  *In re Flash Memory Antitrust Litig.*
     643 F. Supp. 2d 1133 (N.D. Cal. 2009), explained ..............................................10
14

15  *Manukyan v. Cach, LLC*
     2012 U.S. Dist. LEXIS 176168 (C.D. Cal. December 11, 2012)............................3
16

17  *Moore v. Kayport Package Express, Inc.*
     885 F.2d 531 (9th Cir. 1989) ..................................................................................4
18

19  *In re OSB Antitrust Litig.*
     2007 WL 2253419 (E.D. Pa. August 3, 2007) ......................................................10

20  *In re Pressure Sensitive Labelstock Antitrust Litig.*
21   566 F. Supp. 2d 363 (M.D. Pa. 2008).....................................................................9

22  *In re Rail Freight Fuel Surcharge Antitrust Litig.*
     587 F. Supp. 2d 27 (D.D.C. 2008)..........................................................................9
23

24  *Smith v. JP Morgan Chase Bank, N.A.*
     2014 U.S. Dist. LEXIS 173423 (C.D. Cal. November 26, 2014) ...........................5
25

26  *Swartz v. KPMG LLP*
     476 F.3d 756 (9th Cir. 2007) ..................................................................................3
27

28  *U.S. ex rel. Lee v. SmithKline Beecham, Inc.*
     245 F.3d 1048 (9th Cir. 2001) .............................................................................3, 5

*U.S. ex rel. Marion v. Heald College*
  2015 U.S. Dist. LEXIS 97767 (N.D. Cal. July 24, 2015) ........................................... 9

*United States ex rel. Dalitz v. AmSurg. Corp.*
  2014 U.S. Dist. LEXIS 177374 (E.D. Cal. December 24, 2014) ............................... 8

*United States ex rel. Hendow v. Univ. of Phoenix*
  461 F.3d 1166 (9th Cir. 2006) ................................................................................. 2

*United States ex rel. Lee v. Corinthian Colleges*
  655 F.3d 984 (9th Cir. 2011) ..........................................................................1-3, 5, 7

*United States ex rel. Ruhe v. Masimo Corp.*
  929 F. Supp. 2d 1033 (C.D. Cal. July 9, 2012) ........................................................ 9

*Urquilla-Diaz v. Kaplan Univ.*
  780 F.3d 1039 (11th Cir. 2015) .............................................................................. 7

**Federal Statutes**

31 U.S.C. §§ 3729 ..............................................................................................1-2, 10

**Rules**

FED. R. CIV. P. 9(b) ............................................................................. 1-3, 5-6, 8-9

FED. R. CIV. P. 12(b)(6) ....................................................................................... 1

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS FIRST AMENDED COMPLAINT     CASE NO. CV-13-5256-RGK(AJW)

1

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3        Defendants, B&H Education, Inc. ("B&H"), B&H Education Holdings, LLC

4    ("B&H Holdings"), Dr. R. Rashed Elyas, Dr. Nagui Elyas, Michael Benvenuti,

5    Michael Flecker (collectively, "Individual Defendants"), Abry Partners VI, L.P., Abry

6    Investment Partnership, L.P., and Abry Senior Equity II, L.P. (collectively "Abry

7    Entities"), submit this Reply Memorandum of Points and Authorities in support of

8    their Motion to Dismiss ("Motion") Plaintiffs/Relators' ("Relators") First Amended

9    Complaint ("AC"), pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim and

10   Fed. R. Civ. P. 9(b) for failure to plead fraud with specificity.

11       Despite exceeding this Court's page limitation for memorandum, Relators'

12   Opposition does not meaningfully address nor cure the numerous pleading flaws in

13   the AC.  It regurgitates the same generic conclusory allegations collectively against all

14   Defendants and relies in part on unrelated, inapposite antitrust law opinions, instead of

15   opinions asserting claims under the False Claims Act, 31 U.S.C. § § 3729 *et seq.*

16   ("FCA").

17       Relators' attempt to collectively assert various FCA claims against all

18   Defendants fails as a matter of law.  *United States ex rel. Lee v. Corinthian Colleges,*

19   655 F.3d 984, 997 (9th Cir. 2011).  Nothing argued in Relators' Opposition addresses

20   this fundamental flaw, other than arguing that the pleading standard should be relaxed

21   because Relators, managers and employees of Marinello School of Beauty ("MSB"),

22   are not executives.  No such distinction between executives and employees appears to

23   exist in the law.  Because Relators' AC and Opposition are utterly devoid of any

24   specific allegations against B&H Holdings and the Abry Entities and lacks sufficient

25   specific allegations against B&H and the Individual Defendants, the AC fails to

26   properly state a claim against any Defendant.

27       The AC and Opposition are devoid of any facts showing scienter or knowledge

28

DM1\5903850.1                                    1

on the part of any Defendant, a critical element of any FCA claim under Ninth Circuit law. *United States ex rel. Hendow v. Univ. of Phoenix,* 461 F.3d 1166, 1175 (9th Cir. 2006).  Merely repeating the purported fraudulent activity does not plead knowledge on the part of any named Defendant.  Despite the Opposition's assertions to the contrary,[1] the AC lacks sufficient specificity under Rule 9(b) to properly allege a claim for any violation of the regulations cited, or more importantly, a violation of the FCA.  Finally, there are still no facts pled showing any agreement or any acts committed in furtherance of any so-called conspiracy, nor any cogent argument why the pleading states a conspiracy claim.  Relators' reliance on a so-called alternate theory of liability due to a complicated corporate structure,[2] makes no sense based on the facts pled in Relators' AC.

Even accepting all of the allegations in Relators' AC as true, it fails to state any claim for relief.  As such, the AC should be dismissed.

## II.   ARGUMENT

### A.   THE FCA CLAIMS SHOULD BE DISMISSED BECAUSE RELATORS PLEAD COLLECTIVELY AGAINST ALL DEFENDANTS WITHOUT DIFFERENTIATING THE CONDUCT OF EACH DEFENDANT

As argued in Defendants' Motion, Relators impermissibly assert fraud claims collectively against all Defendants.  The law in the Ninth Circuit is clear - Rule 9(b) does not allow a complaint to lump multiple defendants together.  Rather, Rule 9(b) requires plaintiffs to differentiate among defendants and inform each defendant separately of the allegations surrounding that defendant's alleged participation in the fraud. *Calisesi ex rel. United States v. Hot Chalk, Inc.,* 2015 W.L. 1966463 (D. Az. May 1, 2015)(citing *Corinthian Colleges,* 655 F. 3d at 997-98).  For FCA claims

---

[1]      Relators' Opposition ("Opp." ) at pp. 15-22.

[2]      Relators' Opp. at p. 23.

2

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

CASE NO. CV-13-5256-RGK(AJW)

1  brought under a false certification theory, a relator must allege each defendant's "role

2  in making [that] false statement to the United States government." *Corinthian*

3  *Colleges,* 655 F.3d at 998.  As this Court has explained, "a court should dismiss a

4  complaint that makes undifferentiated allegations against multiple defendants, because

5  such a complaint fails to put each defendant on notice of the alleged wrongdoing."

6  *Manukyan v. Cach, LLC,* 2012 U.S. Dist. LEXIS 176168, \*6 (C.D. Cal. December 11,

7  2012).

8        The AC's and Opposition's utter lack of any factual allegations against B&H

9  Holdings and the Abry Entities mandates dismissal of those Defendants.  The AC's

10  failure to allege the Individual Defendants' or B&H's role in making false statements,

11  their participation in the certification process or their role in submitting false claims

12  similarly dooms the claims against these Defendants.  As the Ninth Circuit noted in

13  *Swartz v. KPMG LLP,* 476 F.3d 756, 764 (9th Cir. 2007), Rule 9(b) requires that the

14  complaint "inform each defendant separately of the allegations surrounding his

15  alleged **participation in the fraud.**" (emphasis added).  The allegations pled against

16  the Individual Defendants do not plead their participation in a fraud because none of

17  the allegations plead their participation in any violation of the Program Participation

18  Agreement ("PPA") or the submission of a false claim.  Signing a PPA is not an

19  allegation of participation in a so-called fraudulent scheme.  Similarly, the Individual

20  Defendants' receipt of emails describing audits designed to prevent violations of

21  attendance rules, does not plead the Individual Defendants' participation in such

22  violations or their submission of false claims.

23        The Opposition's contention that Rule 9(b)'s pleading requirements are relaxed

24  when evidence is exclusively controlled by Defendants is specious.[3]  There is no

25  exclusive control here.  Like the relator in *U.S. ex rel. Lee v. SmithKline Beecham,*

26  *Inc.,* 245 F.3d 1048 (9th Cir. 2001), Relators were supervisory/managerial employees

27  ───────────────
    [3]     Relators' Opp. at p. 12.

28  DM1\5903850.1                              3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

of MSB.  Relators were insiders – they had knowledge of what was going on and access to documents.[4]  Moreover, even if this were deemed "corporate fraud" and the pleading standard was relaxed, a complaint's allegations must still plead the misrepresentations with particularity and the roles of the individual defendants in the misrepresentations. *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 540 (9th Cir. 1989).  Relators have not pled any misrepresentations with particularity, nor have they pled with specificity the role of the Individual Defendants in the misrepresentations or fraudulent conduct.  As such, the AC should be dismissed for failure to differentiate among the Defendants.

>B.      THE ABSENCE OF ANY FACTS SHOWING SCIENTER ON THE PART OF ANY DEFENDANT MANDATES DISMISSAL

Relators' contention that providing detail regarding the so called fraudulent schemes equates to pleading facts showing knowledge on the part of the Defendants is without merit.[5]  Scienter is a separate and distinct element of a FCA claim and facts must be pled showing knowledge or from which knowledge can be inferred.  There are no factual allegations whatsoever regarding the Abry Entities or B&H Holding.  Hence, the AC has not in any way pled knowledge by these Defendants.

The allegation that the Individual Defendants signed PPAs does not plead their knowledge of any alleged bad acts.  The PPAs were signed long before any alleged bad acts occurred.[6]  Despite the Opposition's broad brush assertion to the contrary,[7] there is no allegation that any Individual Defendant falsified grades, altered attendance records, falsified placement statistics or entrance exams.  Hence, there is no basis to

---

[4]    The emails and documents pled in Relators' AC make that clear. AC at ¶¶ 82-84, 87-88.

[5]    Relators' Opp. at p. 15.

[6]    AC ¶ 68; Defendants' Motion at pp. 9-10.

[7]    Relators' Opp. at p. 15.

1   infer knowledge or recklessness on their part.  The allegations regarding the 90/10

2   Rule do not plead a violation of the 90/10 Rule, so there can be no basis to infer

3   knowledge of a 90/10 Rule violation.[8]  Moreover, as pled in the AC, Michael

4   Flecker's instructions in April 2011, were not improper at the time they were given.[9]

5          Contrary to the Opposition's contention, the scienter element applies to implied

6   certification claims, as well as express certification claims. *Corinthian Colleges,* 655

7   F. 3d at 997.  Relators have failed to plead facts showing knowledge or from which

8   knowledge can be inferred. *Id.*  In addressing the scienter element, this Court has

9   concluded that a plaintiff must allege sufficient facts to allow the court to draw a

10  plausible inference that a defendant acted with the requisite state of mind. *Smith v. JP*

11  *Morgan Chase Bank, N.A.,* 2014 U.S. Dist. LEXIS 173423, *13 (C.D. Cal. November

12  26, 2014) (quoting *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007)).  In the

13  absence of such facts, the AC should be dismissed.

14
15          C.     RELATORS' CLAIMS FAIL TO PLEAD FRAUD WITH
                   SPECIFICITY AND FAIL TO STATE A VIABLE IMPLIED
                   CERTIFICATION CLAIM
16

17          As argued in Defendants' Motion, Relators' allegations fail to state a claim due

18  to lack of specificity and failure to plead a violation of the PPA.  The Opposition's

19  generic assertions that specificity has been pled does not make it so.  Review of the

20  AC paragraphs cited in the Opposition unequivocally reveals the lack of specificity.

21  *See e.g.,* AC ¶ 80-84, 99–102, 110-112, 114-118, 128.  These paragraphs fail to

22  provide the who, when what or how mandated by Ninth Circuit precedent. *SmithKline*

23  *Beecham,* 245 F.3d at 1051-52.

24          Relators argue they are asserting an implied certification claim,[10] but Rule 9(b)

25  [8]    AC ¶¶ 90 – 98; Defendants' Motion at pp. 12-14.

26  [9]    AC ¶¶ 91-92.

27  [10]   Relators' Opp. at p. 18.  Based on this statement, it appears Relators are
     abandoning Count One of the AC.
28  DM1\5903850.1                          5

1  applies equally to implied certification claims. *Ebeid v. Lungwitz,* 616 F.3d 993, 1001

2  (9th Cir. 2010)(affirming dismissal of FCA claims under Rule 9(b)).  Relators'

3  contention that all they need to do to plead a FCA claim is to generically describe a

4  scheme to defraud is wrong.[11]  In *Ebeid,* the court explicitly noted that the complaint

5  must plead the who, what, when, where and how of the misconduct charged, paired

6  with reliable indicia that lead to a strong inference that claims were actually

7  submitted. *Id.* at 998-9.  As argued extensively in Defendants' Motion,[12] every one of

8  the so-called schemes to defraud pled in the AC fails to supply the who, what, when,

9  where and how, and more importantly, provides no indicia whatsoever, that false

10  claims were actually submitted.

11      Further, Relators' implied certification claims require that the AC actually plead

12  a violation of the Department of Education ("DOE") regulations set forth in the PPA.

13  *Id.* at 998 ("Implied certification occurs when an entity has previously undertaken to

14  expressly comply with a law, rule or regulation, and that obligation is implicated by

15  submitting a claim for payment even though a certification of compliance is not

16  required in the process of submitting the claim.").  As argued previously, violation of

17  the MSB's internal leave of absence policies is not a violation of a DOE regulation or

18  the PPA.  In addition, the AC pleads no violation of DOE's 90/10 rule, satisfactory

19  academic progress regulations, or cohort default rate regulations.  Hence, the AC's

20  allegations regarding these alleged schemes fails to plead a FCA implied certification

21  claim.

22      Relators' contention that the email stating "students should have been dropped"

23  is a "defacto admission that Defendants wrongfully retained federal financial aid

24  monies" is unfounded.[13]  It is equally, if not more plausible, that the audit caused the

25  _____
   11    Relators' Opp. at 1.

26  12    Defendants' Motion at pp. 11 – 18.

27  13    Relators' Opp. at 17.

28  DM1\5903850.1                           6

1    students to be dropped and no monies were retained.  Supreme Court and Ninth

2    Circuit precedent preclude FCA claims based on assumption and speculation. *Ashcroft*

3    *v. Iqbal,* 556 U.S. 662, 678 (2009); *Corinthian Colleges,* 655 F. 3d at 994.

4         Relators have misread the Eleventh Circuit's decision in *Urquilla-Diaz v.*

5    *Kaplan Univ.,* 780 F.3d 1039 (11th Cir. 2015).[14]  First, contrary to Relators' assertion,

6    the relators in *Urquilla-Diaz* did plead claims for implied false certification. *Id.* at

7    1051.  Second, with respect to the so-called alleged violations of the 90/10 rule, the

8    scholarship fund allegations in *Urquilla-Diaz* are essentially the same as the

9    allegations in the AC.  Moreover, Relators' attempt to distinguish *Urquilla-Diaz* by

10   arguing that Defendants have retained federal financial aid money in an effort to avoid

11   the 90/10 rule, makes no sense.  Receipt of federal financial aid money increases a

12   risk of a 90/10 violation, not avoid it.[15]

13        Similarly, with respect to the academic progress allegations, Relators' attempt

14   to distinguish the *Urquilla-Diaz* court's lack of specificity finding is to no avail.[16]

15   The same lack of specificity exists in the AC, as well as the Opposition. *See,* AC at

16   ¶ 110; Opp. at p. 20.  Finally, contrary to the Opposition's assertion,[17] the Eleventh

17   Circuit in *Urquilla-Diaz,* could not have been clearer.  Lying to an accreditation

18   agency does not violate the FCA, unless the false statements were essential to the

19   school receiving or maintaining its accreditation. 780 F. 3d at 1056.  Like the relator's

20   complaint in *Urquilla-Diaz,* the AC fails to plead specifically a plausible connection

21   between false statements and the agency's decision to accredit.  Moreover, the AC

22   fails to plead with specificity any false statements to any accreditation or licensing

23   body.

---

24   [14]    Relators' Opp. at 18.

25   [15]    Relators' Opp. at 18.

26   [16]    Relators' Opp. at 20.

27   [17]    Relators' Opp. at 21.

28   DM1\5903850.1                                    7

1        As argued in Defendants' Motion, the allegations in ¶ 128 of the AC do not

2   state a claim for a FCA violation because there are no allegations that the practice to

3   attract dropped students to return to the program had any impact on the school's CDR.

4   The AC fails to allege: (1) the schools' CDRs and how they fluctuated based on these

5   practices; (2) students who had dropped and returned to the program based on this

6   practice; and (3) how this impacted the schools' CDRs.  Paragraph 128 does not

7   satisfy Rule 9(b).  As such, those allegations should be dismissed.

8
9        D.    RELATORS' OPPOSITION DOES NOT COME CLOSE TO SATISFYING THE PLEADING DEFICIENCIES IN THE AC'S CONSPIRACY COUNT

10

11       Relators' Opposition argues that the AC's conspiracy count is sufficient

12  because it is pled as an alternate theory of liability and because Count Four of the AC

13  specifically incorporates the entirety of the factual allegations pled.[18]  Neither

14  argument saves the conspiracy count.

15       Relators' rely on the decision in *United States ex rel. Dalitz  v. AmSurg. Corp.,*

16  2014 U.S. Dist. LEXIS  177374 (E.D. Cal. December 24, 2014*)* to support their

17  alternate theory of liability claim.  This reliance is misplaced.  The facts that supported

18  the *Dalitz* court's finding of an alternate theory of liability simply do not exist in

19  Relators' AC.  In *Dalitz,* the court permitted the alternate theory of liability because

20  the plaintiffs argued that the defendants would rely on their complicated corporate

21  structure to avoid liability and the defendants had refused to confirm that they were

22  employees, agents, partners and/or alter egos of one another.

23       Here, there is no refusal to confirm.  Because Relators were former employees

24  of MSB and had knowledge of the schools in which they were employed, the AC

25  pleads that the Individual Defendants are all officers of B&H and/or MSB.  Hence, the

26  Individual Defendants are employees and the intracorporate conspiracy bars any

27    [18]    Relators' Opp. at p. 23.

28  DM1\5903850.1        8

1  conspiracy between B&H and the Individual Defendants.  *United States ex rel. Ruhe*

2  *v. Masimo Corp.,* 929 F. Supp. 2d 1033, 1038 (C.D. Cal. July 9, 2012).  During the

3  conference of counsel, Relators' counsel was advised that the Abry Entities were mere

4  investors.  So the identities of the parties and their relationship has been confirmed.

5         Relators' contention that by incorporating all the factual allegations in the AC

6  they have met their pleading burden for the conspiracy count is to no avail.[19]  There

7  are no facts pled as to the Abry Entities and B&H Holdings.  None of the factual

8  allegations pleads any facts whatsoever regarding any conspiracy.  Without facts

9  regarding any agreement, who participated in the conspiracy and any meeting of the

10 minds, no claim for conspiracy has been pled. *Calisesi,* 2015 W.L. 1966463, *13

11 (dismissing FCA conspiracy claim where the complaint did not allege which

12 defendants conspired with which or any facts regarding an agreement or overt acts).

13 Conspiracy claims under the FCA are subject to the heightened pleading  requirement

14 of Rule 9(b). *U.S. ex rel. Marion v. Heald College,* 2015 U.S. Dist. LEXIS 97767, *14

15 (N.D. Cal. July 24, 2015).  *See also,* cases cited in Defendants' Motion at p. 18.  There

16 is no doubt that Relators' conclusory allegation regarding a conspiracy does not

17 satisfy Rule 9(b).

18         Due to the heightened pleading requirement for FCA conspiracy claims, the

19 antitrust conspiracy cases cited in the Opp. at pp. 23-25 are inapposite.  Antitrust

20 claims are not subject to the heightened pleading standard of Rule 9(b), as they do not

21 allege fraud. *In re Pressure Sensitive Labelstock Antitrust Litig.,* 566 F. Supp. 2d 363,

22 370 (M.D. Pa. 2008).  More importantly, the antitrust cases cited by Relators

23 contained the factual allegations missing in Relators' AC.  For example, the court in

24 *In re Rail Freight Fuel Surcharge Antitrust Litig.,* 587 F. Supp. 2d 27, 34 (D.D.C.

25 2008) noted that the complaint provided independent allegations of actual agreement

26 by pleading who initiated the discussions, what was proposed, the object of the

27 _____

[19]     Relators' Opp. at p. 23.

28
DM1\5903850.1                                  9

1    conspiracy, where and when the agreement was reached.  Similarly, the court, in *In re*

2    *Flash Memory Antitrust Litig.,* 643 F. Supp. 2d 1133, 1142 (N.D. Cal. 2009),

3    explained that plaintiffs' complaint identified the companies and individuals involved

4    in setting prices, the time frame of the conduct, and facts relating to coordination of

5    production as a means of controlling prices.  In *In re OSB Antitrust Litig.,* 2007 WL

6    2253419, *6 (E.D. Pa. August 3, 2007), the court concluded that plaintiffs' complaint

7    pled that the defendant had joined the conspiracy and committed acts in furtherance of

8    the conspiracy.  No such facts are pled in the AC.  As such, Count Four is subject to

9    dismissal.

10   **III.    CONCLUSION**

11         Relators' litany of so-called fraudulent schemes does not state a claim.  Careful

12   review of what has been pled reveals only supposition and speculation that false

13   claims have been made.

14         Relators' attempt to plead collectively against all Defendants is simply not

15   permitted.  Relators have failed to plead facts that give rise to any inference of scienter

16   by any Defendant.  Relators have failed to plead their claims with specificity, and as

17   such, have failed to state a claim for any violation of the FCA.  No claim for

18   conspiracy has been pled.  Accordingly, all claims against all Defendants should be

19   dismissed with prejudice.

20

21   Dated: August 10, 2015                       **DUANE MORRIS LLP**

22

23                                          By: s/ Keith Zakarin
                                               Michael L. Lipman
                                               Keith Zakarin
24                                             Teresa N. Cavenagh
                                               *Attorneys for Defendants* B&H Education,
25                                             Inc., B&H Education Holdings, LLC, Dr. R.
                                               Rashed Elyas, Dr. Nagui Elyas, Michael
26                                             Benvenuti, Michael Flecker, Abry Partners
                                               VI, L.P., Abry Investment Partnership, L.P.,
27                                             and Abry Senior Equity II, L.P.

28   DM1\5903850.1                              10